Hollup et ux. *v.* United News Co., Appellant.

Argued October 26, 1934.

586

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Maurice W. Sloan, Jr.,* and with him *Stanley B. Rice* and *Maurice W. Sloan,* for appellant.

*Jackson Wheatley,* and with him *Stanley L. Thornton,* for appellees.

Opinion by Trexler, P. J., January 4, 1935:

This is an action of trespass for damages resulting by reason of the death of plaintiffs' minor son caused by injuries received in the collision of two of defendant's trucks.

Defendant company was engaged in the business of distributing newspapers. One of the defendant's trucks had loaded at the Record Building in Philadelphia. The minor son of the plaintiff's got on it with the knowledge of the driver in the presence of several officers of defendant company. Some distance out of Philadelphia the truck broke down and another truck was sent to the scene of the breakdown, and proceeded to tow the disabled truck to Philadelphia, the boy sitting in the towed truck. The tow consisted of a chain eight to ten feet long. As the two trucks were traveling down a sharp incline proceeding at a speed of forty to forty-five miles an hour the driver of the foremost truck, either lost control or in turning his head and thumbing his nose, after he had received a cautionary admonition from the boy, turned the truck into a ditch and the rear truck upset inflicting the injuries from

which the minor died. Assuming that these facts are true, as we must, for the present purposes, there is no doubt that there was a question for the jury.

As to the negligence of the driver, the jury might infer it from the mere operation of the truck. Certainly, it may well be argued that, a truck towing another may not be operated with the care of the ordinary prudent man when it is driven down a sharp incline at a rate of forty-five miles an hour, but even if this be not so apparent when the fact appears that the boy who was killed called to the truck driver from the rear truck to be careful; and the latter turned and thumbed his nose at the boy, the conclusion may be drawn that the accident was caused by this very act on his part for the sequence was that the truck landed outside the limits of the road in the ditch.

The question remains, how did the boy get on the truck? If he was a trespasser the defendant would not be liable for any act except such as would be wilful and wanton and in disregard of the boy's rights and safety. If we look at the evidence we find that the jury could find, as indicated above, that it was the practice of the defendant company to permit boys, including the minor who was killed, to ride upon its trucks and occasionally employ them to help the drivers of the trucks to load and go with them to indicate to them new routes and also to assist in the distribution of papers. Certain officers of the company were frequently present when these acts transpired. On the night in question, the boy was on defendant's truck at the instance of the driver and presumably with the knowledge and authorization of defendant's officers who were at the place. Of course, this was contradicted by the defendant but, as stated, we are not concerned with defendant's testimony in the present inquiry. There was sufficient to show that the defendant's officers frequently permitted and acquiesced in

the boys riding on the trucks, and such being the case, it was liable for the lack of ordinary care in their operation. The matter was submitted to the jury very fairly by the learned trial judge, and the verdict was supported by testimony.

The judgment is affirmed.